**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP, AND KIRBY CORPORATION, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | )<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:25-CV-213<br>RULE 9(h) ADMIRALTY<br>NON-JURY |

**VERIFIED COMPLAINT AND PETITION
FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Kirby Inland Marine, LP, as owner of the vessel *Baffin Bay*, and Kirby Corporation, as parent corporation (together, "Kirby"), file this Verified Complaint and Petition for Exoneration from or Limitation of Liability. This Complaint is submitted under Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq*. In support of this Complaint, Kirby shows as follows:

1. This case is within the admiralty and maritime jurisdiction of this Court under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty and Maritime Claims.

2. Venue is proper within the U.S. District Court for the Southern District of Texas, Galveston Division, under Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure because Kirby Inland Marine, LP, and Kirby Corporation have been sued in the Southern District of Texas with respect to a claim arising from this vessel. FED. R. CIV. P. SUPP. ADMIRALTY R. F(9).

3. This Complaint is filed within six months of Kirby's receipt of the first written notice of claim and is, therefore, timely filed.

4. At all material times, Kirby Inland Marine, LP, was and is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Texas. At all material times, Kirby Inland Marine, LP, was the owner of the *Baffin Bay*. Kirby Corporation is headquartered in Houston, Texas, and is a parent corporation of Kirby Inland Marine, LP.

5. At all material times, the *Baffin Bay*, bearing USCG No. 1229469, was a 177 gross ton towing vessel of the United States. At all material times, the *Baffin Bay* was tight, staunch, strong, fully and properly equipped and supplied in all respects, seaworthy, and fit for the service for which it was engaged.

6. On or about March 24, 2025, Justin Roth, a crew member of the *Baffin Bay*, and a resident of Galveston County, Texas, claims he fell ill and had to disembark mid voyage to receive medical care. He contends that Kirby arranged a third-party transportation service to pick him up and transport him to receive medical care. While being transported, the vehicle in which Roth was riding crashed and he was injured as a result. Roth has filed suit against Kirby in Harris County, Texas. *See Roth v. Kirby Inland Marine, LP*, No. 2025-33767 (May 13, 2025), in the 190th Judicial District Court of Harris County, Texas.

7. All alleged losses, injuries, or damages, if any, resulting from the incident described above were not caused or contributed to by any fault, neglect, lack of due diligence, or want of due care on the part of Kirby or of any person whose acts it is responsible, nor was the *Baffin Bay* in any respect unseaworthy, unsafe, or at fault. To the contrary, the incident and any losses, injuries, or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the incident were due to or caused by the fault, neglect, lack of due diligence, want of due care, acts or omissions of others for whom Kirby is not responsible.

8. Kirby denies that it, the *Baffin Bay*, or any person or property for whom or which it may be responsible is liable to any extent in the premises.

9. Kirby claims exoneration from all liability for all losses, damages, injuries, and destruction incurred by reasons of the incident described above. In the alternative, and in the event Kirby or the *Baffin Bay* should be held responsible by reason of the incident described above, Kirby claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, or destruction resulting from the incident occurred without the privity or knowledge of Kirby.

10. As shown in the Declaration of Value executed by Norman Dufour, attached as **Exhibit 1** and incorporated by reference, the value of the *Baffin Bay* on March 24, 2025, was $3,940,000.

11. As shown in the Freight Pending Affidavit executed by Renato A. Castro, attached as **Exhibit 2** and incorporated by reference, the value of the freight pending for the *Baffin Bay* on March 24, 2025, was no more than $41,371.79.

12. Kirby files contemporaneously herewith an *Ad Interim* Stipulation of Value with Letter of Undertaking for its interests in the *Baffin Bay* at the time of the incident, with interest at the rate of six percent (6%) per annum from the date of the deposit of the security as may be ascertained and determined to be necessary under any orders of this Honorable Court.

13. Under 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Kirby is required to furnish security for costs. Accordingly, Kirby files simultaneously herewith a check in the amount of $1,000.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

14. To the best of Kirby's knowledge, information, and belief, no warrant of arrest or any other process of any court has been issued for the *Baffin Bay*, and the vessel has not been and is not presently under seizure as a result of any claims or demands.

15. Kirby further avers that it has valid defenses to the merits of any and all such claims. Kirby specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.*, and all statutes amendatory thereof and supplementary thereto.

16. Under 46 U.S.C. § 30501 *et seq.*, Kirby is entitled to have all claims and issues concerning the incident in question consolidated in a single proceeding before the U.S. District Court for the Southern District of Texas, Galveston Division, sitting in Admiralty.

WHEREFORE, Kirby respectfully prays that:

1. The Court enter an order approving Kirby's *Ad Interim* Stipulation of Value with Letter of Undertaking deposited with the Court by Kirby as security for the amount or value of its interest in the *Baffin Bay*.

2. The Court issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Kirby seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Kirby a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, that claimant shall file and serve on the attorneys for Kirby an Answer to the Complaint on or before the said date.

3. The Court enjoin the prosecution of any and all actions, suits, or proceedings which may be commenced, or any nature or description whatsoever in any jurisdiction against Kirby or any other property of Kirby or against Kirby's employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property, or other

loss or destruction resulting from the incident described above, or done, occasioned, or arising out of said voyage or incident.

4. The Court adjudge that Kirby is not liable to any extent for the bodily injury, death, or property damage, loss of use, or other loss or destruction resulting from the incident described above, or done, occasioned, occurred, or arising out of said voyage or incident.

5. Alternatively, and only if Kirby shall be adjudged liable, then it prays that such liability for any bodily injury, death, damage, loss of use to property, or other loss or destruction and consequence of the said voyage or incident be limited to the amount or value of Kirby's interest in the *Baffin Bay* at the end of said voyage or incident, and that Kirby be discharged therefrom, upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Kirby has prayed herein, saving to all parties any priorities to which they may be legally entitled and that decree be entered discharging Kirby from all further liability, and that Kirby has such other relief as it may be entitled at law, in equity, or in admiralty.

Dated: July 8, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Matthew W. Caligur*
Matthew W. Caligur
State Bar No. 24031788
Federal ID No. 31597
mcaligur@bakerlaw.com
Daniella E. Martinez
State Bar No. 24095821
Federal ID No. 3263932
dmartinez@bakerlaw.com
811 Main Street, Suite 1100
Houston, TX  77002-6111
Telephone: 713.751.1600

Facsimile: 713.751.1717

**ATTORNEYS FOR KIRBY INLAND MARINE, LP, AND KIRBY CORPORATION**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on July 8, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*/s/ Matthew W. Caligur*
Matthew C. Caligur